UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DEJAN J. BOTHA
and other similarly situated individuals,

    Plaintiff(s),

v.

REPAIR FLORIDA NOW, INC.,
SHAWN S. ROSSBACH, individually

    Defendants
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DEJAN J. BOTHA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants REPAIR FLORIDA NOW, INC., and SHAWN S. ROSSBACH, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DEJAN J. BOTHA is a covered employee for purposes of the Act. The Plaintiff is a resident of Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant REPAIR FLORIDA NOW, INC., (hereinafter REPAIR FLORIDA, or Defendant) is a Profit Florida corporation, having a place of business in Davie, Broward

County, Florida. Defendant was engaged in interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendant SHAWN S. ROSSBACH is the owner/partner/officer and manager of Defendant Corporation REPAIR FLORIDA. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff DEJAN J. BOTHA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2021, (the "material time") without being adequately compensated.

7. Defendant REPAIR FLORIDA is a general contractor specializing in home remodeling, home repair, and maintenance. REPAIR FLORIDA is located at 351 SW 136th AVE, David, Florida 33325, where Plaintiff worked.

8. Defendants REPAIR FLORIDA and SHAWN S. ROSSBACH employed Plaintiff DEJAN J. BOTHA approximately from March 22, 2021, to May 14, 2021, or 8 weeks.

9. Plaintiff was employed as a non-exempted, full-time, hourly house employee. Plaintiff had duties as a repairman. During the relevant employment period, Plaintiff was paid at the wage rate of $20.00 per hour. Plaintiff's overtime should be $30.00 an hour.

10. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked 5 days per week, from Monday to Friday. Plaintiff clocked in at 7:30 AM, clocked in and out for lunch, and clocked out at 7:30 PM or later (minimum 12 hours daily). Thus, every week Plaintiff completed a minimum of 60 working hours.

11. During his employment, Plaintiff was paid correctly for some overtime hours, but not for all his overtime hours. Defendants paid Plaintiff at least 16 overtime hours at his regular rate. Plaintiff claims that he was not paid at all for at least 10 O/T hours per week, and he states that Defendants altered his timesheets to reflect fewer overtime hours and to show more lunch hours taken.

12. Plaintiff clocked in and out, and Defendants were able to keep track of the number of hours worked by Plaintiff. Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of hours worked.

15. Plaintiff complained verbally and wrote about his missing hours several times, but the situation did not change. Finally, on or about May 14, 2021, Plaintiff resigned from his position to pursue better working conditions.

16. Without the benefit of discovery, Plaintiff will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, Plaintiff will adjust his statement of claim accordingly.

17. Plaintiff seeks to recover the overtime wages for every hour over 40 that he worked, liquidated damages, and any other relief as allowable by law. Plaintiff is also claiming the reimbursement of $147.84, covering Sunpass expenses owed to him.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

19. Plaintiff DEJAN J. BOTHA re-adopts every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. Defendants REPAIR FLORIDA was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is a general contractor providing home repair and maintenance services. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the

Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

21. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

22. For the reasons stated above, Defendants, REPAIR FLORIDA must comply with the overtime wage requirements of the FLSA.

23. Defendants REPAIR FLORIDA and SHAWN S. ROSSBACH employed Plaintiff DEJAN J. BOTHA approximately from March 22, 2021, to May 14, 2021, or 8 weeks.

24. Plaintiff was employed as a non-exempted, full-time repairman. During the relevant employment period, Plaintiff was paid a wage rate of $20.00 per hour. Accordingly, plaintiff's overtime should be $30.00 an hour.

25. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked 5 days per week, from Monday to Friday, a minimum total of 60 hours weekly.

26. During his employment, Plaintiff was paid correctly for some overtime hours. However, he was not paid for all his overtime hours. Defendants paid Plaintiff at least 16 overtime hours at his regular rate. In addition, Plaintiff claims that he was not paid for at least 10 overtime hours per week. Plaintiff states that Defendants altered his timesheets to reflect less overtime hours and to show more lunch hours taken.

27. Plaintiff clocked in and out, and Defendants were able to keep track of the number of hours worked by Plaintiff. Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid bi-weekly with checks and paystubs that did show the real number of hours worked.

30. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of days and hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

32. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    \* Please note that these amounts are based on preliminary calculations. Thus, these figures would be subject to modifications after discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Two Thousand Five Hundred Sixty Dollars and 00/100 ($2,560.00)

    b. <u>Calculation of such wages</u>:

      Total weeks of employment:  8 weeks
      Total relevant weeks: 8 weeks
      Total hours worked: 60 hours weekly
      Regular rate: $20.00 / half-time $10.00
      Regular rate $20.00 x 1.5 = $30.00 an hour
      O/T rate: 30.00 an hour

**1.- Half-time overtime for 16 hours**

$10.00 x 16 O/T hours= $160.00

**2.- Overtime for 8 weeks**

O/T rate $30.00 x 10 Overtime hours=$300.00 weekly x 8 weeks=$2,400.00

Total #1 and #2=$2,560.00

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

33. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

34. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

35. At the times mentioned, individual Defendant SHAWN S. ROSSBACH was, and is now, the owner/director and manager of Defendant Corporation REPAIR FLORIDA. Individual Defendant SHAWN S. ROSSBACH had absolute operational control of REPAIR FLORIDA. Individual Defendant SHAWN S. ROSSBACH was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of REPAIR FLORIDA in relation to its employees, including Plaintiff and other similarly situated individuals, and he is jointly and severally liable for Plaintiff's damages.

36. Defendants REPAIR FLORIDA and SHAWN S. ROSSBACH willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

37. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DEJAN J. BOTHA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DEJAN J. BOTHA and other similarly situated individuals and against the Defendants REPAIR FLORIDA and SHAWN S. ROSSBACH based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DEJAN J. BOTHA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with

    interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff DEJAN J. BOTHA demands trial by a jury of all issues triable as of right by a jury.

Dated: July 29, 2021

                                      Respectfully submitted,

                                      By: **/s/ Zandro E. Palma**
                                      ZANDRO E. PALMA, P.A.
                                      Florida Bar No.: 0024031
                                      9100 S. Dadeland Blvd.
                                      Suite 1500
                                      Miami, FL 33156
                                      Telephone: (305) 446-1500
                                      Facsimile: (305) 446-1502
                                      zep@thepalmalawgroup.com
                                      *Attorney for Plaintiff*